UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORRISTOWN TRANSMISSIONS, LLC, et al., | : | Civil Action No. 14-2912 (CCC) |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | REPORT & RECOMMENDATION |
| v. | : | |
| | : | |
| 2 JOS, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

CLARK, Magistrate Judge

This matter having been opened to the Court by Plaintiffs Morristown Transmission, LLC f/d/b/a AAMCO Transmissions, PLJ, LLC, Philip Mathews, Chacko Mathews and Leela Mathews' (collectively "Plaintiffs") motion to remand this matter to state court [Docket Entry No. 16]; and Defendants AAMCO Transmissions, Inc. and American Driveline Centers, Inc. (collectively "Defendants") having opposed Plaintiffs' motion [Docket Entry No. 19]; and the Court having considered the arguments submitted in support of, and in opposition to, Plaintiffs' motion; and for the reasons that follow, it is respectfully recommended that Plaintiffs' motion to remand this matter be DENIED.

I.       BACKGROUND

The parties and the Court are all familiar with the facts underlying this litigation.   As such, only those facts relevant to the instant motion are restated herein.   Plaintiffs filed the instant action in state court on or about August 13, 2012 alleging various breach of contract and tort claims in connection with Plaintiffs purchase and operation of an AAMCO Transmissions franchise. *See generally Third Am. Compl.*; Docket Entry No. 1-1.   On April 28, 2014, Plaintiffs amended their

1

complaint to add a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§1961, 1968.   Defendants thereafter removed the matter to federal court, citing Plaintiffs' RICO claim as a basis for federal question jurisdiction. *Notice of Removal* at ¶4; Docket Entry No. 1.

On September 8, 2014, Plaintiffs filed a notice of voluntary dismissal of their RICO claim under Count XXII of the Third Amended Complaint, which was signed by the Honorable Claire C. Cecchi, U.S.D.J. on September 9, 2014, thereby removing subject matter jurisdiction and remanding the case. *See* Docket Entry Nos. 11, 12.   On September 12, 2014, counsel for Defendants wrote to the District Court, objecting to the unilateral dismissal of Count XXII.   Upon review, the District Court vacated its prior order and reopened the case. *See* Docket Entry Nos. 13, 14.   Plaintiff thereafter filed the instant motion to remand.

## II.      LEGAL STANDARD

Title 28, §1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action.   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§1446, 1447.   Defects in removal may be procedural or jurisdictional.   In turn, a party's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c).   Jurisdictional defects, however, may be raised at any time. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).   It is well established that federal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua*

*sponte* whenever it is in question. Fed.R.Civ.P. 12(h)(3). *See also Bracken v. Matgouranis,* 296 F.3d 160, 162 (3d Cir. 2002).   Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."   *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).   Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."   *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987)).

## III.    DISCUSSION

Plaintiffs argue that the Court lacks subject matter jurisdiction over this matter because the sole basis for removal to this court, namely, Plaintiffs' RICO claim found at Count XXII, was voluntarily dismissed by Plaintiffs. *See generally Plaintiffs' Brief in Support*; Docket Entry No. 16-1.   Plaintiffs complain that Defendants' removal of this matter to federal court was a "tactical maneuver" and that "[t]here remains no basis…that would require the parties to litigate this matter in Federal Court." *Id.* at 6.   In this regard, Plaintiffs submit that Defendants have not met their burden to show that subject matter jurisdiction exists here.

Defendants have opposed Plaintiffs' motion to remand, arguing that Plaintiffs' motion is untimely, that the Court has subject matter jurisdiction over the claims, that Plaintiffs' RICO claim has not been dismissed, and that removal was proper on that basis.[1] *See Defendants' Brief in*

---

[1] Defendants also argue that the Court retains subject matter jurisdiction over the matter even if the RICO claim were dismissed, or alternatively, that the Court could exercise supplemental jurisdiction in the absence of a federal claim. *See generally Deft. Br. Opp* at 5-12.   Because the Court finds that subject matter jurisdiction is present and that Plaintiffs' RICO claim remains operative, the Court declines to address these arguments.

*Opposition*; Docket Entry No. 19.   Defendants submit that the vacatur of the District Court's

Order dismissing Plaintiffs' RICO claim is evidence of the Court's recognition that the claim was

not properly dismissed under Fed.R.Civ.P. 41(a).   In this regard, Defendants contend that the

RICO claim is therefore still in effect and Court maintains its original subject matter jurisdiction,

as the complaint still includes a federal claim.

As a threshold matter, the Court finds that Plaintiffs' motion is considered timely, as it is

brought on the basis of lack of subject matter jurisdiction, which is clearly contemplated by 28

U.S.C. §1447(c) as being outside the temporal limitations of a typical motion to remand.[2]   As to

the substance of Plaintiffs' motion, it is apparent that Plaintiffs' RICO claim is still an operative

count in the complaint.   Although the claim was dismissed by the District Court on September 9,

2014, that Order was vacated in its entirety on September 12, 2014.[3]   As such, Plaintiffs' claim

remains part of the complaint in this matter and has not been dismissed.   To the extent that

Plaintiffs complain that Defendants removal of this matter is a "tactical maneuver," the Court finds

such an assertion disingenuous, as it was Plaintiffs who amended their complaint to add a federal

claim.   It is well-settled that a plaintiff is "the master of the claim; he or she may avoid federal

jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392

(1987).   Plaintiffs consciously amended their complaint to include a federal cause of action,

thereby exposing themselves to the possibility of litigation in federal court.

Plaintiffs detail at length the elaborate background and history of this case in state court in

their reply brief. *See generally Plaintiffs' Brief in Reply*; Docket Entry No. 20.   However, these

---

[2] "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c) (emphasis added).
[3] The District Court's Order did not state the reasons why it was vacating the Order dismissing Count XXII.

considerations are of no avail to Plaintiffs, and indeed, are of no relevance to the Court, in light of the fact that the RICO claim has not been dismissed from this case.   The presence of Plaintiffs' RICO claim provides the Court with original jurisdiction over this action by way of federal question jurisdiction pursuant to 28 U.S.C. §1331.   As such, the Court has no discretion to remand this matter to state court. *See Bell v. Twp. of Quinton,* 2014 U.S. Dist. LEXIS 173882 at *6 (D.N.J. Dec. 17, 2014) ("Where a party seeks to have remanded to state court a case that has been removed…a district court has no discretion to remand a claim that states a federal question." (citing *Green v. Ameritrade, Inc*., 279 F.3d 590, 596 (8th Cir. 2002))).

### IV.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

**IT IS** on this 10th day of March, 2015,

**RECOMMENDED** that Plaintiff's Motion to Remand be DENIED.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

<div style="margin-left:40%">

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

</div>

5